**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER ALAN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:25cv01422** |
| | ) | |
| **vs.** | ) | |
| | ) | **JUDGE CHARLES ESKRIDGE** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

1. **Rule 26(f) meeting.** State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.

A conference was held on July 3, 2025. Following counsel attended the conference:

**For the Plaintiff:**
Erin Svetlik
State Bar of Texas No. 24115426
S.D. of Texas Bar No. 3882226
Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**2. Jurisdiction.**

**a. Basis.** Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

The Parties agree that this Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**b. Diversity.** N/A. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

3. **Case background.**

a. **General Description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

**<u>Plaintiff claims</u>:**

Plaintiff brings his lawsuit pursuant to Section 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), seeking benefits under a group long-term disability insurance policy issued by Defendant. Defendant denied additional benefits to Plaintiff beyond February 10, 2024, alleging that the administrative record did not contain documentation that Plaintiff's symptoms were of such severity that they resulted in restrictions and limitations rendering him unable to perform the duties of his own or any occupation.

**<u>Defendant's claims</u>:**

Because the benefit policy at issue vests Defendant with discretionary authority to determine eligibility for benefits, Defendant submits that its benefit determination relative to Plaintiff will be reviewed according to an arbitrary and capricious standard of review. Under that standard, Defendant's decision can be reversed only if its decision was entirely irrational and disconnected from the evidence in the record. Because Defendant's decision in this matter is supported by evidence in the record, its decision must be affirmed and Plaintiff's case dismissed with prejudice.

b. **Related Cases.** List all related cases pending in any state or federal court. Identify the court and case number.

None.

c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

The parties will attempt in good faith to agree on the contents of the administrative record to be filed prior to the dispositive motions deadline.

d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

The primary dispute will be the proper standard of review and, depending on that standard, whether Davis was entitled to benefits from the Plan and under the relevant Policy, as well as whether Davis is entitled to any other remedies or penalties resulting from Defendant's administration of the Plan. However, the Parties believe that these issues, including the standard of review, can be included in their briefing on dispositive motions.

**e. Class issues.** Describe any class-action or collective action issues.

None at this time.

**4. Parties.**

**a. Unserved parties.** List any unserved parties.

All parties have been served.

**b. Additional parties.** List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None at this time.

**c. Interventions.** List and briefly explain any anticipated interventions.

None at this time.

**d. Interested Persons.** Certify that all parties have filed the Disclosure of Interested Parties as directed in the Order of Conference and Disclosure of Interested Persons.

Plaintiff filed the Disclosure on or about March 27, 2025.

Defendant filed the Disclosure on or about July 3, 2025

**5. Discovery.**

**a. Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

The parties agree that this case is exempt from the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(B) because this is an action for review on an administrative record. In lieu of Fed. R. Civ. P. 26(a)(1)(B) disclosures, Defendant will produce the Administrative Record to Plaintiff, in pdf format, on or before July 29, 2025.

**b. Topics.** Specify the topics upon which discovery is needed. State whether the parties considered conducting discovery in phases.

The parties do not believe that discovery will need to be conducted in phases.

**c. Completed.** Specify any discovery already underway or accomplished.

None.

**d. Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

Subject to the above contentions, the parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. Subject to Defendant's objection to discovery in this matter, the parties would agree to the following discovery plan:

**6. Orders.**

**a. Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by ERISA. As such, trial should be unnecessary for the final disposition of this case and, in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the suggested deadlines on the attached proposed Scheduling and Docket Control Order in lieu of the deadlines requested in a standard schedule.

**b. Protective order.** State whether the parties will submit for entry a protective order. Describe any issues about confidentiality.

The Parties do not anticipate the need for any protective orders. Any issues regarding confidentiality will be resolved by Defendant filing a redacted version of the administrative record.

**c. E-discovery order.** State whether the parties will submit for entry an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

There are no issues regarding disclosures or discovery of electronically stored information and the Parties do not anticipate the need for any orders with respect to electronic discovery.

**7. Settlement.** Discuss the possibilities for a prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amendable to early mediation or other settlement attempt.

The Parties are currently engaging in early settlement discussions in an effort to promptly resolve this dispute. If those efforts are unsuccessful, the Parties agree that mediation before a mutually agreed-upon mediator may be beneficial.

**8. Trial.**

a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to Magistrate Judge Christina A. Bryan.

All parties do not consent to a trial before a magistrate judge.

b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

Because this case is governed by ERISA, a jury trial is not permitted.

**c. Lenth of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

N/A. This is a non-jury case. The parties believe this case can be resolved on cross dispositive motions under Fed. R. Civ. P. Rule 52.

**9. Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

None.

**10. Other matters.** List any other matter that deserves the special attention of the court at the initial pretrial conference.

None at this time.

Dated: July 7, 2025

Respectfully submitted,

By: /s/ Erin Svetlik (w/permission)
Erin Svetlik
State Bar of Texas No. 24115426
S.D. of Texas Bar No. 3882226
Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

ATTORNEYS FOR PLAINTIFF

\- AND -

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT